it appeared that notice of such rule had not been served twenty days.

*Per Curiam.* Although the printed rules do not reach the case, the sheriff must have twenty days, at least, after service of the notice. Let the plaintiff take nothing by his motion.

### *Driggs* ads. *Van Loon.*

MOTION by *Kirkland* to set aside a writ of inquiry, and subsequent proceedings.

Defendant had retained an attorney after interlocutory judgment, who gave notice thereof; but plaintiff proceeded to execute a writ of inquiry, without giving notice to the attorney so employed.

*Per Curiam.* Whenever an attorney is employed, though it be too late to plead, yet he is entitled to all subsequent notices.

Motion granted.

### *Ballard and Parkman,* manucaptors *of Chapman,* ads. *Kibbe and Ludlow.*

THIS was an application by bail to surrender their principal, on the following case :

In April term, 1797, *ca. sa.* against the principal was returned *non est.* On which, the plaintiffs issued a *cap. ad resp.* against the bail *jointly,* on their recognizance. This writ was delivered to the sheriff of

*Herkimer,* or his deputy, early in *April* vacation, being returnable the last *Tuesday* of *July* then next.

On the 7th of *July,* the deputy having possession of the writ, but not in his pocket, met *Parkman,* one of the bail, and informed him of the writ ; on which *Parkman* promised to come to the house of the deputy and *indorse his appearance thereon before the return day.* He accordingly came and indorsed his appearance, but at what time precisely; *Cheeseborough,* the deputy, who is the witness, does not recollect. By the affidavit of *Parkman* himself, it appears to have been two days *after the return day of the writ.* The writ was then returned, with *such indorsement,* but without any return indorsed *by the sheriff* himself.

In *July* vacation, the plaintiff issued an *al. cap.* against *Ballard,* to answer *simul cum Parkman,* returnable in *October* term, which having been returned " *non est,*" the plaintiffs issued a *testatum* against *Ballard* alone, returnable in *January,* 1798, directed to the sheriff of *Onondaga,* who took him.

*August* 28th, 1797, the defendant's attorney had delivered the plaintiff's attorney a writing intended as a plea in abatement, praying that for want of *an official return,* as well as on account of such *irregular* service of the writ on *Parkman,* the plaintiff's bill might be quashed.

*February* 10th, 1798, the plaintiff's attorney delivered a copy of the declaration filed, against the bail jointly.

*February* 13th, 1798, the plaintiff's attorney received a plea in chief *nil debet*, in behalf of *Ballard* alone ; and at the same time another writing, intended as a plea in abatement, in behalf of *Parkman* separately, and so entitled, and grounded upon the before mentioned objection; viz. the want of *official return.*

The proceedings respecting the surrender were as follows :

*January* 13th, 1798, three days before the term, the sheriff of *Herkimer* signed an acknowledgment, that the principal was in his custody, on a surrender by *Parkman*, in behalf of himself and *Ballard.*

*January* 27th, on application of *Ballard* in behalf of himself and *Parkman*, his honour Judge *Benson* made an order for a commitment.

*March* 5th, the sheriff signed a farther acknowledgment, that the principal was still remaining in his custody when the *committitur* came to his hands.

*March* 20th, Judge *Benson* made an order for the plaintiffs to appear and show cause why an *exoneretur* should not be entered. They appeared accordingly, and the case was adjourned over to be argued and determined in open court.

On this case the following questions were raised :

1. Are the defendants now too late in their application ?

2. Can one bail be discharged alone when the application is for the discharge of both ?

3. Will the discharge of one bail operate as a discharge of all ? and if one is fixed, will not the other be so likewise ?

*Curia ad. vult.*

*Per Curiam.* The surrender by *Ballard* is good as to both. If a plaintiff will elect to sue special bail *jointly*, he who is first taken shall have time to surrender till the last is taken also, and till the time allowed him (the last) for surrendering is expired. If he sues them *separately*, then each may be separately *fixed;* or one may be fixed, and the other may afterwards surrender the principal, and be discharged. So that, in fact, the plaintiff may have the body of the defendant in custody, and at the same time go on with a suit against the other bail which has been fixed. He cannot, however, have more than one satisfaction.

Let the defendants take the effect of their motion, on payment of costs.